PROVIDENCE.

EDWARD. O'CONNER *vs.* FRANCIS O'BRIEN.

The jurisdiction of District Courts over actions for the possession of tenements or estates, under the Judiciary Act, cap. 8, § 23, is not limited to actions for the possession of tenements or estates let, but extends to all actions for the possession of all tenements or estates held at will or by sufferance, whether they be tenements or estates let or others.

TRESPASS AND EJECTMENT. Certified from the District Court of the Sixth Judicial District on exceptions.

This was an action brought to recover possession of real estate purchased by the plaintiff at an execution sale.

*March* 20, 1894. PER CURIAM. The question raised by the plaintiff's exception is whether a District Court has the jurisdiction, under the Judiciary Act, cap. 8, § 23, of all ac-

---

[1] As follows :

SEC. 7. In any case, the common pleas division of the supreme court may, and upon request of either party shall, direct the jury to return a special verdict upon any issue submitted to the jury. Such issues shall be settled by the justice presiding at the trial, and either party may except to his rulings thereon. In addition to such special findings on the issues submitted, the jury shall in each case return a general verdict, and shall assess such damages, if any, therein as they may deem just. The appellate division of the supreme court may, on motion of any party made and filed, together with a statement of the evidence in such cause at said trial in manner as is elsewhere provided in cases of petitions for new trial, set aside any general verdict and order judgment to be entered by the common pleas division in favor of either party upon any special verdict found in any cause ; or it may order a new trial generally, or upon any issue submitted at such trial, as upon inspection of all the evidence adduced, and the general and special verdicts found therein, to it shall seem just.

tions of trespass and ejectment for the possession of tenements or estates held at will or by sufferance, unless such tenements or estates be also tenements or estates *let.* The language of the section material to the question is as follows: "Every district court shall have exclusive original jurisdiction . . . . . over all actions properly brought within its district for the possession of tenements or estates let, or held at will or by sufferance."

We are of the opinion that the jurisdiction extends to all actions for the possession of all tenements or estates held at will or by sufferance, whether they be tenements or estates let or others. The language is so plain that it is difficult to understand how there can arise any doubt as to its construction. It is, however suggested in argument that the jurisdiction is to be limited to actions for the recovery of possession of tenements or estates let. In support of this view, *Champlin* v. *Horton*, 12 R. I. 123, is cited. In that case the court construed a paragraph of Gen. Stat. R. I. cap. 184, § 2, conferring jurisdiction on Special Courts of Common Pleas. The paragraph was as follows: "Of all actions brought for the possession of tenements or estates let, against tenants and others who have broken the terms or conditions of the lease or agreement under which they hold; or who hold or occupy tenements or estates by wrongful entry or detainer, or as tenants at will or by sufferance." The court held that grammatically the first clause of the paragraph qualified all that followed it, and, hence, that the jurisdiction was confined to actions for the possession of tenements or estates let. That paragraph was very different from the clause of the statute under consideration. In the former, the words which conferred the jurisdiction were the first twelve words, to wit: "Of all actions brought for the possession of tenements or estates let," the remainder of the paragraph simply enumerating the classes of persons against whom such actions could be maintained. The jurisdiction is expressly limited to actions for the possession of tenements or estates *let.* In chapter 8, § 25, of the Judiciary Act, on the other hand, there is added to the clause conferring jurisdiction over ac-

tions for the possession of tenements or estates let, the further clause, "or held at will or by sufferance."

Exceptions sustained, and case remitted to the District Court of the Sixth Judicial District, with direction to take off the entry of dismissal, and to enter judgment for the plaintiff for possession and costs.

*Dennis J. Holland,* for plaintiff.

*Charles H. Page & Franklin P. Owen,* for defendant.